IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On August 9, 2022, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following public records:

> 1. All meeting invitations, calendar entries, schedules, or similar records for Director Wray, Deputy Director Abbate, Associate Deputy Director Turner, Associate Deputy Director Sallet, and/or Chief of Staff Lenzner pertaining to any meeting or telephonic conversation during which the search warrant executed at the residence of President Trump on August 8, 2022 was discussed. The time frame of this request is February 1, 2022 to the present.
>
> 2. All records of communication between any official or employee of the FBI and any official or employee of the Executive Office of the President regarding the search warrant. The time frame of this request is February 1, 2022 to the present.
>
> 3. All records of communication between any official or employee of the FBI and any official or employee of the United States Secret Service regarding the search warrant between August 1, 2022 and the present.

6. By letter dated August 17, 2022, the FBI acknowledged receipt of the request and advised Plaintiff that the request had been assigned FOIPA Request No. 1556502-000.

7. By letter dated August 19, 2022, the FBI advised Plaintiff that it had granted expedited processing of the request pursuant to 28 C.F.R. §16.5 (e)(1)(ii).

8. On August 11, 2022, Plaintiff submitted a further FOIA request to the FBI seeking access to the following public records:

1. All emails and text messages sent between FBI officials and US Secret Service officials regarding the search warrant and search executed on former President Donald Trump's residence on or about August 8, 2022.

2. All emails and text messages sent between FBI officials and officials in the Executive Office of the President regarding the search warrant and search executed on former President Donald Trump's residence on or about August 8, 2022.

3. All emails and text messages sent between FBI officials on the Evidence Response Team involved in the search warrant executed on President Trump's residence regarding the search warrant and its execution on President Trump's residence.

4. All meeting invitations and calendar entries of officials in the FBI's Offices of Director, Deputy Director, and Associate Deputy Director concerning the search warrant on President Trump's residence and its execution.

The time frame of the request was identified as June 1, 2022 to the present.

10. By an automated email dated August 11, 2022, the FBI acknowledged receipt of Plaintiff's second request.

11. By letter dated August 23, 2022, the FBI again acknowledged receipt of Plaintiff's second request and advised Plaintiff that the request had been assigned FOIPA Request No. 1557341-000.

12. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is violating FOIA by failing to produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

15. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's requests by September 9, 2022, at the latest. Because Defendant failed to make final determinations on the requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 22, 2022                                 Respectfully submitted,

/s/ Ramona R. Cotca
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Fax:    (202) 646-5199
Email: rcotca@judicialwatch.org

*Counsel for Plaintiff*