**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-2883-TSC |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

### UNOPPOSED MOTION TO PERMIT DEFENDANT TO ASSERT EXEMPTION 7(A) WHILE RESERVING OTHER EXEMPTIONS FOR LATER CONSIDERATION

Defendant respectfully requests that the Court issue an order permitting the Federal Bureau of Investigation ("FBI") to assert Exemption 7(A) over any responsive records that the FBI believes are subject to withholding in full under that exemption, while preserving the FBI's right to assert at a later date other underlying exemptions over the same documents, should the Court determine that Exemption 7(A) does not apply or should the Exemption 7(A) assertion expire. Prior to filing this motion, counsel for Defendant consulted with Plaintiff's counsel, who stated that Plaintiff does not oppose this request.

Plaintiff Judicial Watch, Inc.'s two August 2022 Freedom of Information Act ("FOIA") requests seek seven categories of records concerning the search warrant executed on former President Donald Trump's residence on or about August 8, 2022. *See* Compl. ¶¶ 5, 8 (ECF No. 1). Many of the requested records expressly relate to the pending investigation into records retrieved from former President Trump's Mar a Lago estate. As the parties' latest Joint Status Report notes, the FBI has completed its searches and issued responses to Item 1 of Judicial Watch's August 9, 2022 request, and Item 4 of Judicial Watch's August 11, 2022 request. *See* ECF No.

16.    As to the remaining portions of Judicial Watch's requests—Items 2 and 3 of Judicial Watch's August 9, 2022 request and Items 1-3 of Judicial Watch's August 11, 2022 request—the FBI's searches are now complete, and the FBI has identified no responsive records outside the investigative file.   *See id.*

As for records within the investigative file, the FBI anticipates that the vast majority will be withheld in full under Exemption 7(A) because their release "could reasonably be expected to interfere with enforcement proceedings."   5 U.S.C. § 552 (b)(7)(A).   FOIA allows the FBI to make that assessment on a categorical basis.   *See Kay v. FCC*, 976 F. Supp. 23, 35 (D.D.C. 1997) (citing *NLRB v. Robbins Tire*, 437 U.S. 214, 224 (1978)), *aff'd*, 172 F.3d 919 (D.C. Cir. 1998). In this circuit, agencies are required to invoke all applicable exemptions at the same time at summary judgment.   *See Maydak v. Dep't of Justice*, 218 F.3d 760, 764-65 (D.C. Cir. 2000); *see also Leopold v. Dep't of Justice*, 301 F. Supp. 3d 13, 26 (D.D.C. 2018).

In this case, however, requiring the FBI to undertake a full, line-by-line review of documents withheld in full under Exemption 7(A) to assert other overlapping exemptions would substantially increase the processing time for responsive records in this case.   Indeed, if such a review is required here, the FBI anticipates that it would take at least five months to complete its review of the investigative file.   But bifurcating review of documents as to which the FBI asserts Exemption 7(A) would allow the FBI to complete its review of the investigative file in approximately two months, at which time the parties will confer and—if necessary—propose a briefing schedule regarding the FBI's Exemption 7(A) assertion.   Bifurcation would also avoid the need to expend the significant time and resources required for the parties to brief and for the Court to decide complex issues regarding exemption claims that may turn out to be superfluous.

For that reason, it is in the parties' and the Court's interest to allow the FBI to initially assert Exemption 7(A) over any responsive records that the FBI believes are subject to withholding in full under that exemption, while preserving the FBI's right to assert at a later date other underlying exemptions over the same documents, should the Court ultimately determine that Exemption 7(A) does not apply or should the Exemption 7(A) assertion expire.  Courts in this District routinely approve such requests.  *See, e.g.*, *Leopold v. FBI*, No. 22-1921 (July 11, 2023 Minute Order); *Leopold v. Dep't of Justice*, No. 15- 2117 (Feb. 9, 2016 Minute Order); *Manning v. Dep't of Justice*, No. 15-1654 (Dec. 15, 2015 Minute Order); *Accuracy in Media v. Dep't of Defense*, No. 14-1589 (June 23, 2015 Minute Order); *see also United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004) (allowing agency to assert and defend additional redactions on remand where agency had reserved the right to do so in district court filings).

Consistent with this well-established and sensible practice, the FBI respectfully requests an order making clear that the FBI may initially review the responsive records only for the application of Exemption 7(A) without forfeiting its ability to later assert other exemptions over the same documents if necessary.

*        *        *

Dated:  November 1, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Andrew J. Rising*
ANDREW J. RISING (DC Bar # 1780432)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11406
Washington, DC 20005
(202) 514-0265
Andrew.J.Rising@usdoj.gov

*Counsel for Defendant*

4